■ In the Matter of JOYCE BARRY, Appellant, v LISA CHEFALES, Respondent.—In a child visitation proceeding pursuant to Family Court Act article 6, the paternal grandmother appeals from an order of the Family Court, Queens County (Schindler, J.), dated February 19, 1991, which vacated an order of visitation dated February 16, 1990, and denied her petition for visitation.

Ordered that the order is affirmed, without costs or disbursements.

While the paternal grandmother had standing to seek visitation privileges with her granddaughter, the child of her son's failed marriage to the respondent (Domestic Relations Law § 72; *see, Matter of Emanuel S. v Joseph E.,* 78 NY2d 178), we find support in the record for the Family Court's determination that such visitation would not be in the child's best interest *(see, Matter of Emanuel S. v Joseph E., supra; Lo Presti v Lo Presti,* 40 NY2d 522).

The Family Court based its denial of visitation partly on the findings of a social worker who, after meeting with the child on numerous occasions, recommended denial of visitation rights and, *inter alia,* on profiles prepared by a court-appointed psychologist who also recommended denial of visitation rights, as well as the testimony of both the respondent and her second husband, the child's adoptive father. There was sufficient evidence adduced at the hearing to establish that continued visitation by the paternal grandmother was having, and would continue to have, a detrimental impact upon the child's emotional and mental well-being. Since there is sufficient evidence in the record to support the Family Court's exercise of discretion, we decline to disturb its decision. Balletta, J. P., O'Brien, Ritter and Copertino, JJ., concur.